IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RANDY ELLIS WILLIAMS                                                              PLAINTIFF

v.                                            Case No. 4:25-cv-4013

PUBLIC DEFENDER JASON MITCHELL;
PUBLIC DEFENDER JOHN PICKETT; and
PROSECUTING ATTORNEY DAVID P. COTTEN                              DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 16. This case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A. Judge Bryant recommends that this case be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Plaintiff has responded with objections. ECF No. 17. The Court finds the matter ripe for consideration.

### I. BACKGROUND

Plaintiff, representing himself in this matter, alleges that Defendants violated his Fifth, Sixth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1985. Plaintiff is suing Defendants in their individual capacities only.

In Claim One, Plaintiff alleges that Defendant Jason Mitchell, Plaintiff's public defender, violated his due process rights under the fifth amendment by ignoring his verbal and written refusal for a continuance of trial and by forging a signature on a motion to continue trial. Further, Plaintiff claims that Defendant Mitchell conspired with Defendant David Cotten, prosecuting attorney, to deny Plaintiff his right to a speedy trial.

In Claim Two, Plaintiff alleges that Defendant John Pickett, Plaintiff's attorney, and Defendant David Cotton violated his due process rights by ignoring Arkansas Rule of Criminal Procedure 28.1, "[w]hich would have seen me released that day . . . ." (ECF No., 1, p. 6). Plaintiff also alleges that

Defendants Pickett and Cotton violated his Sixth Amendment right to a speedy trial.

In Claim Three, Plaintiff alleges that Defendant David Cotton violated his due process rights and right to a speedy trial by signing an illegal sentencing order. Judge Bryant recommends that all claims be dismissed. Plaintiff objects. ECF No. 17.

## II.  STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court must apply a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

The Court must dismiss a complaint, or any portion of it, if it contains claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). A claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III.  DISCUSSION

The Court will now discuss Judge Bryant's recommendations and Plaintiff's specific objections to these recommendations.

**A.  Defendant David P. Cotten**

Defendant David P. Cotten was the prosecutor in Plaintiff's state criminal case.  Judge Bryant found that Defendant Cotten has absolute prosecutorial immunity from Plaintiff's Section 1985 claims. *See Imbler v. Pachtman*, 424 U.S. 409, 431-32 (1976) (holding that a prosecutor who acts within the scope of his duties in initiating a criminal prosecution and presenting the state's case has absolute immunity from civil suits under Section 1983); *White v. Bloom*, 621 F.2d 276, 279-80 (8th Cir. 1980) (finding that a prosecutor was entitled to absolute immunity from civil suits under Sections 1983 and 1985).  Plaintiff argues that Defendant Cotten should not have absolute immunity in this case. However, the Court agrees with Judge Bryant's finding that Defendant Cotten was acting within the scope of his duties in initiating a criminal prosecution and presenting the state's case when he signed what Plaintiff alleges to be an "illegal" sentencing order.  Thus, Defendant Cotten is entitled to absolute prosecutorial immunity.  *See Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (immunity is not defeated by "allegations of unethical conduct and improper motive in the performance of prosecutorial functions).

**B.  42 U.S.C. § 1985**

Plaintiff claims that Defendants conspired against him to deny his right to a speedy trial and to violate his due process rights by ignoring Arkansas Rule of Criminal Procedure 28.1.  Plaintiff brings claims under the second clause of 42 U.S.C. § 1985(2), which provides a cause of action for damages sustained as a result of conspiracies to obstruct justice in state court.  *See Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1077 (8th Cir. 2016).  Plaintiff also brings claims under 42 U.S.C. 1985(3), which

3

provides a cause of action for damages sustained as a result of conspiracies to deprive individuals of equal privileges and immunities and equal protection under the law. *Id.* Both subsections (2) and (3) require Plaintiff to show that the conspirators were motivated by a class-based, invidiously discriminatory animus. *Kvalvog v. Park Christian School, Inc.*, 66 F.4th 1147, 1154 (8th Cir. 2023); *City of Omaha Employees Betterment Ass'n v. City of Omaha*, 883 F.2d 650, 652 (8th Cir. 1989). Plaintiff mistakenly argues that Section 1985(2) does not require him to show that the conspirators were motivated by a class-based, invidiously discriminatory animus, but the Court of Appeals for the Eighth Circuit has held otherwise. Thus, the Court agrees with Judge Bryant that because Plaintiff makes no assertion in his complaint that he is a member of any protected class or that the alleged conspiracy of Defendants was motivated by any discriminatory animus, Plaintiff fails to state a claim under 42 U.S.C. § 1985.

### C.  *Heck v. Humphrey*

Judge Bryant found that, even if Plaintiff had stated a § 1985 claim, any such claim would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff is still imprisoned on the sentence of which he complains. Under *Heck*, a Plaintiff may not recover damages for an unconstitutional conviction or imprisonment unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Here, Plaintiff is still imprisoned on the sentence of which he complains, and he has produced no evidence or allegations that any of the exceptions listed above are applicable to his case. Thus, the Court agrees with Judge Bryant that Plaintiff's claims are barred. Plaintiff does not specifically challenge this finding.

### IV. CONCLUSION

Upon *de novo* review, for the reasons discussed above, the Court finds that Plaintiff has offered neither fact nor law which would cause the Court to deviate from Judge Bryant's Report and

Recommendation. Therefore, the Court overrules Plaintiff's objections (ECF No. 17) and completely adopts the Report and Recommendation. ECF No. 16. Accordingly, this case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C.§ 1915(b)(1) for failure to state a claim upon which relief may be granted. Because Plaintiff's case is being dismissed, the Court finds that his Motion for Status Update (ECF No. 20) should be and hereby is **DENIED AS MOOT**.

Plaintiff is warned that this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g). The Clerk is directed to place a § 1915(g) strike flag on the case for judicial consideration. Further, the Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this dismissal is not taken in good faith. Plaintiff is warned that any future attempts to file a complaint based upon the same facts alleged here may result in sanctions being imposed, including but not limited to civil contempt.[1]

**IT IS SO ORDERED**, this 8th day of September, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] The Court notes that Plaintiff has filed two previous complaints under 42 U.S.C. § 1983 regarding the same claims and Defendants listed in the instant complaint. *See Williams v. Mitchell, et al.*, Civil No. 4:23-cv-04061-SOH (W.D. Ark. Oct. 4, 2023) (dismissed by screening Order); *Williams v. Mitchell, et al.*, Civil No. 4:24-cv-04064-SOH (W.D. Ark. Aug. 28, 2024) (dismissed by screening Order) (affirmed *Williams v. Mitchell, et al.*, Civil No. 24-2927 (8th Cir. Dec. 5, 2024)).